IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 3:08-CR-00590-CMC |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| VICENTE SEPULVEDA JR. | ) | |
| | ) | |

## General Provisions

This PLEA AGREEMENT is made this _18_ day of November, 2013, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES and Assistant United States Attorney Mark C. Moore; the Defendant, **VICENTE SEPULVEDA, JR.**, and Defendant's Attorneys, Bruce S. Harvey and John Earl Duncan.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant agrees to plead guilty to a one-count felony Information to be filed charging him with conspiracy to distribute cocaine and marijuana in violation of Title 18, United States Code, Section 371. The Defendant also agrees to waive indictment and arraignment with respect to this charge.

In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

    A.    The conspiracy was knowingly and willfully formed and was in existence during the time period alleged in the Information;

    B.    The defendant joined the conspiracy with knowledge of its unlawful purposes; and

    C.    At least one overt act was performed by a member of the conspiracy.

**Possible Penalties:**

A maximum term of imprisonment of five (5) years; a fine of $250,000.00; a term of Supervised Release of two (2) years; and a special assessment of $100.00.

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

(A) **Fines:** The Defendant understands and agrees that the court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

(B) **Special Assessment:** Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the Third Superseding Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing

2

Guidelines.

4. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

5. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that she waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable

3

doubt.

6. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

7. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## FORFEITURE

8. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to the forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The Defendant further agrees to prevent the disbursement, relocation or encumbrance of any such assets and agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above, wherever located. The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States. The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title and the signing of any other documents necessary to effectuate such

transfers. The Defendant agrees not to object to any civil forfeiture proceedings brought against these properties pursuant to any provision of law and the Defendant further understands that any such civil proceedings may properly be brought at any time before or after acceptance of Defendant's guilty plea in this matter and agrees to waive any double jeopardy claims he may have as a result of the forfeiture of these properties as provided for by this Agreement.

The Defendant also agrees to the entry of a personal money judgment against him in the amount of $250,000.00.

## **MERGER AND OTHER PROVISIONS**

9. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and her attorney have discussed possible defenses, if any, to the charges in the Third Superseding Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

10.     The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver with respect to habeas rights does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

11.     The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12.     The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

11-15-13
DATE

*[signature]*
**VICENTE SEPULVEDA JR.**
Defendant

11-18-13
DATE

*[signature] Bruce S Harvey by John Duncan with permission*
Bruce S. Harvey
Attorney for the Defendant

11-15-13
DATE

*[signature]*
John Earl Duncan
Attorney for the Defendant

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

11/18/13
DATE

BY: *[signature]*
Mark C. Moore
Assistant U. S. Attorney

7

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 3:09-CR-00390-CMC |
| **DEFENDANT'S NAME:** | VICENTE SEPULVEDA, JR. |
| **PAY THIS AMOUNT:** | $100.00 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

MAKE CHECK OR MONEY ORDER PAYABLE TO:
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
Clerk, U.S. District Court
Columbia, South Carolina

OR HAND DELIVERED TO:
**Clerk's Office**
**Columbia, South Carolina** (Mon - Fri 9-5)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER <u>(Do Not send cash)</u>*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*